**No. 22-16413**

---

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

KARI LAKE, ET AL.,

*Plaintiffs-Appellants*,

v.

ADRIAN FONTES, ET AL.,

*Defendants-Appellees*.

_____

On Appeal from the United States District Court for the
District of Arizona
No. 2:22-cv-00677-JJT
Hon. John J. Tuchi

_____

## MARICOPA COUNTY DEFENDANTS'- APPELLEES' RESPONSE OPPOSING MOTION TO RECALL MANDATE AND REQUEST FOR SANCTIONS

_____

Emily Craiger (Bar No. 021728)
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, Arizona 85016
Telephone: (602) 806-2100
emily@theburgesslawgroup.com

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

Thomas P. Liddy
Joseph E. La Rue
    Deputy County Attorneys
MARICOPA COUNTY ATTORNEY'S OFFICE

i

CIVIL SERVICES DIVISION
225 W. Madison Street
Phoenix, AZ 85003
ca-civilmailbox@mcao.maricopa.gov

*Attorneys for Maricopa County Defendants-Appellees*

June 17, 2024

Table of Contents

Table of Authorities ................................................................................ iv

Introduction ........................................................................................1

Procedural Background...........................................................................3

Argument.............................................................................................4

Conclusion ........................................................................................17

Statement of Related Cases...................................................................19

Certificate of Compliance ....................................................................20

Certificate of Service ..........................................................................21

## Table of Authorities

**Cases**

*Ariz. Democratic Party V. Hobbs*,
    976 F.3d 1081(9th Cir. 2020)………………………………………......…15

*Blixseth v. Yellowstone Mountain Club, LLC*,
    796 F.3d 1004 (9th Cir. 2015)…………………………………….…16

*Bowyer v. Ducey*,
    506 F. Supp.3d 699 (D. Ariz. Dec. 9, 2020)……………………….…11

*Calderon v. Thompson*,
    523 U.S. 538, 550 (1998)………………………………………….....7

*Glanzman v. Uniroyal, Inc.*,
    892 F.2d 58 (9th Cir. 1989)…………………………………….…16

*Hale v. Ariz.*,
    967 F.2d 1356 (9th Cir. 1992)…………………………………….…11

*Hazel–Atlas Glass Co. v. Hartford–Empire Co.*,
    322 U.S. 238, 245 (1944)……………………………………..8, 12

*Kari Lake, et al. v. Adrian Fontes, et al.*,
    No. 23-1021 (filed Mar. 14, 2024)……………………….……....4

*Kirshner v. Uniden Corp. of Am.*,
    842 F.2d 1074 (9th Cir. 1988)…………………………………….5

*Lake v. Fontes*,
    83 F.4th 1199 (9th Cir. 2023)……………………………………4, 8, 10

*Lake v. Hobbs*,
    623 F. Supp. 3d 1015 (D. Ariz. 2022)………………………………p*assim*

*Lake v. Hobbs*,
    643 F.Supp.3d 989 (D. Ariz. 2022)……………………………..…….....3

*Lake v. Hobbs*,
  No. CV-23-0046-PR (Ariz. May 4, 2023)…………………………………17

*Nevius v. Sumner*,
  105 F.3d 453 (9th Cir. 1996)……………………………………….....7, 12

*Ohio Democratic Party v. Husted,*
  834 F.3d 620 (6th Cir. 2016)……………………………………………….12

*Shwarz v. United States*,
  234 F.3d 428 (9th Cir. 2000)……………………………………………13

*Standard Oil Co. of Cal. v. United States,*
  429 U.S. 17 (1976)…………………………………………………………..8

*Tellabs, Inc. v. Makor Issues & Rts., Ltd,*
  551 U.S. 308 (2007)…………………………………………………………..13

*United States v. Walker*,
  601 F.2d 1051 (9th Cir. 1979)……………………………………….....5

*Verrilli v. City of Concord*,
  557 F.2d 664 (9th Cir. 1977)………………………………………...7

*Zipfel v. Halliburton Co.*,
  861 F.2d 565 (9th Cir. 1988)………………………………………...7

**Constitutional Provisions**

U.S. Const. art. III……………………………………………………1, 9

U.S. Const. amend. XI…………………………………………………*passim*

**Statutes**

28 U.S.C. § 1927……………………………………………………...3

**Rules**

Fed. R. Civ. P. 12(b)(1)……………………………………………………3

v

Fed. R. Civ. P. 11(b)(2)……………………………………………….…3

Fed. R. Civ. P. 11(b)(3)…………………………………………….….3

Fed. R. Civ. P. 12(b)(6)………………………………………….…...13

Fed. R. Civ. P. 60(b)……………………………………………..……6

Fed. R. Civ. P. 60(b)(2)……………………………………………....6

Fed. R. Civ. P. 60(b)(3)…………………………………………….…6

Fed. R. Civ. P. 60(c)(1)…………………………………………….…6

Fed. R. Evid. 201(b)………………………………………………13

Fed. R. App. P. 38………………………………………………...16

## Introduction

The Motion to Recall the Mandate ("Motion"), filed by Plaintiffs-Appellants Kari Lake and Mark Finchem ("Plaintiffs"), is fatally flawed in every conceivable facet. Procedurally, legally, and factually the Motion has no foundation whatsoever. Plaintiffs ask this Court to consider supposed "new evidence", despite the fact that this Court does not hear evidence. Then, Plaintiffs ask this Court to reverse its prior decision and order unspecified further proceedings that the Motion entirely fails to explain.

Moreover, the district court dismissed the instant action, and this Court affirmed, for lack of Article III standing. In short, Plaintiff's conjectural allegations of potential injuries were insufficient to confer subject-matter jurisdiction. In reaching its conclusion, the Court assumed the truth of Plaintiffs' allegations and no amount of "new evidence" supporting those allegations can overcome such a dismissal. Further, the "new evidence" is not even remotely relevant to the claims raised in this lawsuit — instead the "new evidence" amounts to nothing more than an untimely and ill-fated attempt to amend the First Amended Complaint ("FAC") to assert unsupported new allegations of Arizona law violations. Claims that, even if they had been alleged in the FAC, are barred by the 11th Amendment.

More importantly, the "new evidence" presented is as fictitious as the Motion is frivolous. Even if this Court could consider new evidence, which it

1

cannot, the alleged new evidence amounts to nothing more than the misinformed, mistaken, and incorrect opinions of Plaintiffs' alleged "experts"; but, the opinions and allegations, including the Motion's allegations of "fraud on the court" are blatantly false. The record below is clear, and it *proves* that many are false. Those that cannot be proven false *by the record* are only unproven because there is nothing in the record about them at all and Maricopa County understands, unlike Plaintiffs' counsel apparently, that presenting new evidence to the Court of Appeals is improper and a colossal waste of the Court's time and resources. Whether counsel for Plaintiffs does not understand the basic rules of appellate procedure or whether this is simply, and yet another, misguided attempt by proponents of "the Big Lie" to falsely assert that the *Republican* Maricopa County Board of Supervisors "stole" the 2020 and 2022 elections from *Republican* candidates for office, the point remains the same — these erroneous beliefs, the baseless allegations supporting them and the improper procedural maneuvering have been attempted and tried in numerous federal and state courts since the 2020 election and found wanting every time. The allegations are false, Plaintiffs' counsel's actions are improper, this Motion is frivolous, and this Court should not consider it.

Plaintiffs instituted this action in late April 2022. The district court dismissed Plaintiffs' claims in their entirety based on a lack of standing, among

2

other reasons, this Court affirmed and the Supreme Court denied review. Now, *over two years later*, Plaintiffs continue in their attempts to revive this long-dead case. This Motion is a misuse of the Court's and opposing parties' resources. It should be denied and Plaintiffs and their attorney who filed it should be sanctioned, again.

## PROCEDURAL BACKGROUND

Plaintiffs filed their original Complaint on April 22, 2022 and the FAC on May 4, 2022. [ER-97, ER-46.] The FAC claimed violations of federal and state statutory and constitutional law. The district court dismissed Plaintiffs' claims pursuant to Rule 12(b)(1) because they lacked standing, finding that their conjectural allegations of potential injuries are insufficient to confer subject-matter jurisdiction. *Lake v. Hobbs*, 623 F. Supp. 3d 1015 (D. Ariz. 2022). Following dismissal, the district court awarded sanctions against Plaintiffs' Attorneys pursuant to Fed. R. Civ. P 11(b)(2) and (b)(3), finding that Plaintiffs' Attorneys made false, misleading, and unsupported factual assertions and that the asserted claims for relief did not have an adequate factual or legal basis grounded in a reasonable pre-filing inquiry. *Lake v. Hobbs*, 643 F.Supp.3d 989 (D. Ariz. 2022). The district court also awarded sanctions pursuant to 28 U.S.C. § 1927 finding Plaintiffs' Attorneys acted at least recklessly in multiplying the proceedings by seeking a preliminary injunction based on Plaintiffs' frivolous claims. *Id.*

Plaintiffs appealed the dismissal and Plaintiffs' Attorneys appealed the award of sanctions. On October 16, 2023, this Court affirmed dismissal of Plaintiffs' claims. *Lake v. Fontes*, 83 F.4th 1199 (9th Cir. 2023). The appeals of the sanctions award are still pending before this Court.

Plaintiffs filed their Petition for Writ of Certiorari ("Petition") with the United States Supreme Court on March 14, 2024. *Kari Lake, et al. v. Adrian Fontes, et al.,* (filed Mar. 14, 2024). Subsequently, on April 2, 2024, Plaintiffs submitted what they called their "Supplemental Brief" to the Supreme Court. It was essentially the same as the Motion that they have filed here, relying on the same declarations from the same misinformed, mistaken, and incorrect purported "experts," making the same allegations of "new evidence" and "fraud on the court." The Supreme Court rejected the Supplemental Brief and did not accept it for filing. *Lake*, No. 23-021, Docket, *available at* https://www.supremecourt.gov/-search.aspx?filename=/docket/docketfiles/html/public/23-1021.html. The Supreme Court denied the Petition on April 22, 2024. *Id*.

## Argument

## I.     There is no procedural basis to recall the mandate.

At its core, the Motion seeks to induce this Court to recall its mandate on the basis of supposed "new evidence," which Plaintiffs argue demonstrates that the

Defendants committed fraud upon the Court. Plaintiffs' efforts in this regard are entirely unavailing. For starters, their claims of fraud are false, as the record below demonstrates. But additionally, presenting supposed "evidence" to an appellate court is procedurally improper. As this Court knows well, it is not the position of the appellate court to weigh evidence in the first instance and it will not consider evidence that was not presented to the district court. *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal."); *United States v. Walker*, 601 F.2d 1051, 1055 (9th Cir. 1979) (refusing to consider affidavits not presented to the district court). Obviously, the affidavits attached to the Motion were not presented to the district court—they were not even executed until after Plaintiffs filed their ill-fated Petition. Plaintiffs, for their part, offer absolutely no justification for presenting "new evidence" for the first time in in the appellate courts. They provide neither procedural nor legal authority upon which this Court could consider this evidence when it was never presented to the district court. There is no basis for this Court to consider new evidence in the first instance, particularly when the issue being appealed is a dismissal as a matter of law based upon Plaintiffs' deficient allegations. Plaintiffs filing this Motion is as procedurally improper as their

attempt to file a "Supplemental Brief," which was promptly and properly rejected by the Supreme Court. Likewise, this Court should summarily reject the Motion.

Of course, the Rules do provide a method for parties to present new evidence or indicia of fraud upon the court after the entry of a judgment, and Plaintiffs could have availed themselves of that method if there were actually any new evidence or indicia of fraud to offer. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(2) allows a party to move in the trial court for relief from judgment based upon the discovery of new evidence, while Rule 60(b)(3) allows a party to move for relief from judgment based upon fraud. Plaintiffs, however, did not move for Rule 60 relief and they do not even begin to explain why they should be permitted to violate the Rules by presenting such a motion to this Court in this first instance.

Most likely, they did not pursue Rule 60 relief because they knew that the motion would be completely frivolous. Any Rule 60 motion would be untimely because Rule 60(c)(1) requires any motion brought under subsections (b)(2) and (b)(3) to be brought within six months of the entry of the judgment being challenged. Because the judgment in question was entered in August 2022, any Rule 60 motion filed by Plaintiffs *now* would have been nearly a year and a half past the deadline. Even if they had filed a Rule 60 Motion in April 2024, instead of filing their "Supplemental Brief" at the Supreme Court detailing these same false allegations, they would have been too late. The Rules provide the specific

6

circumstances under which parties can obtain relief from a judgment, as Plaintiffs are attempting to do here. The Court should not allow Plaintiffs to bypass all recognized procedures for obtaining such relief simply because they would fail to obtain their desired relief under the Rules. This would be true, regardless; but it is especially true here, given their inexplicable years' long delay and the 2024 elections just months away

The procedural improprieties of the Motion alone warrant its denial and sanctions against Plaintiffs and their attorney.

## II.    There is no legal basis to recall the mandate.

Plaintiffs have a high burden to carry to show that they would be entitled to recall the mandate. The Supreme Court has clearly stated that while the Circuit Courts have the authority to recall a mandate when necessary, this power "is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998); *see also Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996) (quoting *Verrilli v. City of Concord*, 557 F.2d 664, 665 (9th Cir. 1977) (recall of mandate only used when "animated by an 'overpowering sense of fairness and a firm belief that this is the exceptional case requiring recall of the mandate in order to prevent an injustice'")); *Zipfel v. Halliburton Co*., 861 F.2d 565, 567 (9th Cir. 1988) (recall of mandate available "only in exceptional circumstances" and only when "good cause or unusual

circumstances exist"). Typically, this occurs only when the Court's decision failed to properly explain procedures on remand, if the Court fundamentally misunderstood the facts of the case, when a subsequent decision of the Supreme Court departs in pivotal aspects from the Circuit Court's decision, or some similar circumstance. Moreover, when a motion to recall a mandate is based on allegations of fraud on the court or allegations of misconduct affecting the integrity of the judicial process, the harm must be "gross" and enforcement of the judgment "manifestly unconscionable." *Hazel–Atlas Glass Co. v. Hartford–Empire Co*., 322 U.S. 238, 245 (1944), *overruled on other grounds*, *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17 (1976). Setting aside the fact that Plaintiff's allegations of "fraud on the Court" are blatantly false, as addressed below, the Motion presents none of those circumstances.

First, the Motion is legally deficient because it fails to demonstrate that the "new evidence" can overcome their dismissal as a matter of law for lack of standing. Frankly, it is unclear how new evidence could ever overturn a dismissal as a matter of law. As part of a motion to dismiss, courts will assume the truth of all well-plead allegations, as both the district court and this Court did in this case. *Lake v. Fontes*, 83 F.4th 1199, 1202 (9th Cir. 2023). Therefore, new evidence demonstrating the supposed truth of their allegations would not aid Plaintiffs in any way because the trial court already assumed that those allegations were true.

8

Rather, it was the fatal deficiency of Plaintiffs' allegations that lead to the dismissal of their Complaint. *Id*. at 1204 ("Plaintiffs simply have not plausibly alleged a 'real and immediate threat of' future injury"). No amount of new evidence can change the deficiency of Plaintiffs' allegations, and Plaintiffs do not meaningfully attempt to explain how this "new evidence" can overcome the fatal flaws in their FAC. Indeed, the district court found that Plaintiffs' allegations could not establish Article III standing because "a long chain of hypothetical contingencies must take place for any harm to occur[,]" and Plaintiffs had "fail[ed] to plausibly show that Arizona's voting equipment even has such security failures." *Lake*, 623 F. Supp. at 1028. The claimed "new evidence" does not even remotely overcome these deficiencies and certainly does not generate standing when it is clear from the face of their FAC that no standing exists.

In reality, the Motion amounts to nothing more than Plaintiffs' improper attempt to amend the FAC, more than two years after filing it, to assert new, false claims that Defendants violated Arizona law. Plaintiffs assert alleged "new evidence," with respect to the certification of the County's Election Management System ("EMS") Software and its Logic and Accuracy Testing. But these allegations were never a basis for the claims in the FAC. As this Court aptly summarized "[t]he gravamen of Plaintiffs' operative complaint is that notwithstanding safeguards, electronic tabulation systems are particularly

9

susceptible to hacking by non-governmental actors who intend to influence election results." *Lake*, 83 F.4th 1199 at 1202. According to Plaintiffs, because Maricopa County's electronic tabulation systems are vulnerable to hacking, Maricopa County should be barred from using them in elections. Consequently, Plaintiffs' briefs largely focused on the potential for these systems to be hacked or for outside entities to manipulate vote tallies. As an illustration, Plaintiffs' briefs to this Court in their appeal contain no fewer than 78 uses of the words "hack" and "manipulate."

One would expect, then, that any new evidence Plaintiffs presented in an effort to revive these claims would tend to show that Maricopa County's electronic tabulation systems were particularly vulnerable to hacking, or that vote manipulation had actually occurred. But the "new evidence" does nothing of the sort. Rather than addressing whether Maricopa County's tabulation system is susceptible to outside hacking or manipulation, the "new evidence" instead concerns false claims that Maricopa County's EMS software was not properly certified under Arizona law and that Maricopa County's Logic and Accuracy Testing does not comply with Arizona law. [See Motion at 4-7.] But, as to the Logic and Accuracy testing, the FAC does not at all address whether Maricopa County properly conducted its logic and accuracy testing—the only allegations concerning logic and accuracy testing in Plaintiffs' FAC states that such testing

10

can be defeated and does not prevent hacking. [See ER-46 at ¶¶ 31, 146].[1] As to certification of election software, Plaintiffs alleged that it "was improper absent objective evaluation." [See ER-46 at ¶20]. Because the "new evidence" does nothing to support Plaintiffs' claims in this case, it can do nothing to aid them in attempting to revive this lawsuit.

Further, even if the allegations were true, which they are not, and Plaintiffs were allowed to untimely amend their FAC to make these new claims of Arizona election law violations, these claims are barred by the 11th Amendment to the extent that they relate to the Secretary's past conduct. *See e.g., Hale v. Ariz.*, 967 F.2d 1356, 1369 (9th Cir. 1992) (Eleventh Amendment immunity at apex where a plaintiff seeks federal court order that "state actors comply with state law"); *Bowyer v. Ducey*, 506 F. Supp.3d 699 (D. Ariz. Dec. 9, 2020) (dismissal of claims related to the 2020 election appropriate where "on its face the complaint states a claim under the due process and equal protection clauses of the Constitution, [but] these constitutional claims are entirely based on the failure of defendants to conform to state law[.]") (citation omitted)). To further evidence the gamesmanship at play here, at the district court, Plaintiffs asserted that the court "need not determine whether Defendants' procedures comply with state law to

---

[1] Taking these FAC allegations at face value, the supposedly improper logic and accuracy testing would have no impact on their present claims because Plaintiffs assert such testing is ineffective at preventing hacking in any event.

grant Plaintiffs relief" in an effort to overcome the clear Eleventh Amendment bar to their claims. *Lake*, 623 F.Supp.3d at 1030. Yet, now, that is precisely what they are asking this Court to do. But, as the district court correctly held, the 11th Amendment bars the claims and the requested relief "would violate the principles of federalism" because the district court would "unavoidably become impermissibly 'entangled, as [an] overseer[] and micromanager[], in the minutiae of state elections process.'" *Id. citing Ohio Democratic Party v. Husted*, 834 F.3d 620, 622 (6th Cir. 2016). Under these circumstances, Plaintiffs certainly cannot meet their burden to show that recall of the mandate is necessary to "prevent injustice" or that enforcement of the judgement would be "manifestly unconscionable." *See e.g., Nevius,* 105 F. 3d at 460-461*; Hazel–Atlas Glass Co.,* 322 U.S. at 244-245. As such, their Motion fails.

### III. There is no factual basis to recall the mandate.

As discussed above, Maricopa County is mindful that this Court is not in the business of hearing new evidence. But this Court need not review *new* evidence to quickly discern that the claims made by Plaintiffs of "fraud on the Court" are a complete fiction. Plaintiffs claim various defense counsel misled the Court concerning EAC Certification and Logic Accuracy testing. But both were clearly

addressed, using publicly available documents[2], in the County's Motion to Dismiss.

Specifically, with respect to software certification, the Motion to Dismiss detailed that,

> An EAC-accredited testing laboratory, Pro V&V, tested the Dominion Voting Systems Democracy Suite 5.5B, the equipment used in Maricopa County. (Exh. 2; Exh. 3; Exh. 4.) Maricopa County's equipment was then tested—in public—by the Arizona Secretary of State's Equipment Certification Committee; it also passed that testing. (Exh. 5.) Moreover, Pro V&V and another EAC-accredited testing laboratory, SLI Compliance, conducted forensic audits of the County's tabulation equipment in February, 2021. (*See* Maricopa Cnty., Auditing Elections Equipment in Maricopa County https://www.maricopa.gov/5681/Elections-Equipment-Audit; *see also* Exhs. 6, 7, 8.) As explained in the County's summary of these audits, there were four primary test objectives yielding the following results:

---

[2] Courts may take judicial notice of facts that cannot reasonably be disputed because "they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Tellabs, Inc. v. Makor Issues & Rts., Ltd*., 551 U.S. 308, 322 (2007) (assessing Rule 12(b)(6) motion, courts may "consider . . . matters of which a court may take judicial notice"); *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) (explaining courts "need not accept as true . . . allegations that contradict facts that may be judicially noticed by the court").

| TEST OBJECTIVE | PRO V&V FIELD AUDIT | SLI COMPIANCE FORENSIC AUDIT |
|---|---|---|
| Determine if installed software was U.S. EAC and AZ SOS certified | All tested software and equipment was inspected and verified to be using certified software | All tested systems and equipment were using certified software. |
| Determine if any malicious malware or hardware was installed on the system or equipment | No malicious hardware and software discrepancies were identified | No malicious malware or hardware was detected |
| Determine if tabulators were connected to the internet | The system was determined to be a "closed network" and does not have internet access | No evidence of an Internet Connection was identified |
| Perform a logic and accuracy test to determine if vote switching could occur | The logic and accuracy test resulted in accurate numbers | N/A – Test was not included in SLI's Scope of Work |

[2-Cnty-SER-527-47.]

Likewise, Maricopa County detailed its Logic and Accuracy testing, which occurred consistent with the requirements of Arizona law, prior to the 2020 election in its Motion to Dismiss. [Id.] Moreover, Logic and Accuracy testing in Arizona is a public process. [*Id*.][3]

However, in the extremely unlikely event that this Court wants to consider the "new evidence" attached to the Motion in the first instance, it would need to conduct an evidentiary hearing to determine the validity of the "evidence." Plaintiffs, recognizing that their "new evidence" would not stand up to any scrutiny

---

[3] Of note, Plaintiffs provide absolutely no basis for their delay in asserting this "newly discovered" evidence, even though it is based at least in part on an analysis of information that was publicly available long before they filed the FAC.

at all, urge the Court to accept the truth of their "new evidence" on its face and overturn the dismissal without providing Maricopa County any opportunity to provide evidence in its defense. Thus, even if the Court somehow finds Plaintiffs' Motion compelling, it still cannot grant the relief Plaintiffs' request without first conducting an evidentiary hearing to test the truth of the "new evidence."

Finally, and only further punctuating the futility of the Motion, the district court determined the injunctive relief requested by Plaintiffs in their 2022 Motion for Preliminary Injunction filed on June 15, 2022 [Doc. 50.], namely a complete prohibition on the use of electronic tabulation equipment in the upcoming election, was barred by the *Purcell* principle. Specifically, the district court determined,

> …courts applying *Purcell* also "caution federal courts to refrain from enjoining election law too close in time to an election if the changes will create administrative burdens for election officials." (Doc. 61 at 5.) *See Ariz. Democratic Party*, 976 F.3d at 1086 ("And, as we rapidly approach the election, the public interest is well served by preserving Arizona's existing election laws, rather than by sending the State scrambling to implement and to administer a new procedure for curing unsigned ballots at the eleventh hour.") The injunctive relief Plaintiffs seek would not just be challenging for Arizona's election officials to implement; it likely would be impossible under the extant time constraints.

*Lake*, 623 F. Supp. 3d at 1031-1032.

Yet, here we are again, almost two years later, to the day, with no explanation for any of their delays and Plaintiffs are requesting the same, nearly impossible relief just a few weeks before early voting for the 2024 primary

election begins. Under these circumstances, one might conclude the timing is intentional. These requests are made too late and procedurally improperly merely to allow a party to bemoan the "courts" unwillingness to "hear the evidence." Regardless, the result is the same; the Motion fails.

## IV.    Plaintiffs and their attorneys should be sanctioned, again.

Courts of Appeal have discretion under Fed. R. App. P. 38 to order a petitioner to pay the opposing party's costs and attorneys' fees when the petitioner brings a frivolous appeal. "An appeal is frivolous 'when the result is obvious or the appellant's arguments are wholly without merit.'" *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) *(quoting Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989)). Defendant Maricopa County has not sought fees related to any of the *three* appeals brought by Defendants related to this matter, despite its belief that all three are baseless. The Motion, however, is the proverbial last straw based on, among other things, the falsity of the allegations contained therein, the baseless assertions of fraud, its timing and the complete absence of any procedural and factual basis, as addressed above.

Indeed, Plaintiffs and their attorney have, once again, wasted judicial resources and taxpayer funds asserting procedurally, legally and factually baseless claims against Maricopa County and the other Defendants. Plaintiffs' counsel was

sanctioned below yet continues, undeterred, in his improper conduct.[4] Accordingly, Defendants request sanctions for the fees incurred in responding to this frivolous motion or, in the alternative, request leave to file a motion for sanctions.

## Conclusion

For the foregoing reasons, this Court should deny the Motion.

Respectfully submitted,

THE BURGESS LAW GROUP

By:     /s/*Emily Craiger*

Emily Craiger
3131 East Camelback Road, Suite 224
Phoenix, Arizona  85016
Telephone: (602) 806-2100
emily@theburgesslawgroup.com

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:     /s/*Thomas P. Liddy*

Deputy County Attorneys
MARICOPA COUNTY ATTORNEY'S OFFICE
CIVIL SERVICES DIVISION
225 W. Madison Street
Phoenix, AZ 85003
brancoj@mcao.maricopa.gov

---

[4] The Arizona Supreme Court also sanctioned Plaintiffs' counsel in the proceedings arising from Plaintiff Lake's state election contest for making "false factual statements to the Court." *See Lake v. Hobbs*, No. CV-23-0046-PR, Order at 5 (Ariz. May 4, 2023), available at https://www.azcourts.gov/Portals/21/ASC-CV230046%20-%205-4-2023%20-%20FILED%20-%20DECISION%20ORDER.pdf.

17

ca-civilmailbox@mcao.maricopa.gov

*Attorneys for Maricopa County*
*Defendants-Appellees*

June 17, 2024

**Statement of Related Cases**

Pursuant to Ninth Circuit Rule 28-2.6, I certify that:

[ ]     I am unaware of any related cases currently pending in this court.

[ ]     I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[X]     I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

*Kari Lake, et. al. and Andrew Parker v. Fontes, et. al.,* No. 23-16022 – Separate appeal of sanctions award filed by Attorneys Andrew D. Parker and Kurt B. Olsen.

*Kari Lake, et. al. and Alan Dershowitz v. Fontes, et. al.*, No. 23-16023 – Separate appeal of sanctions award filed by Attorney Alan Dershowitz.

Respectfully submitted,


THE BURGESS LAW GROUP

By:     /s/*Emily Craiger*

Emily Craiger
3131 East Camelback Road, Suite 224
Phoenix, Arizona  85016
Telephone: (602) 806-2100
emily@theburgesslawgroup.com

June 17, 2024

19

## Certificate of Compliance

This Response contains 3934 words excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 27(d)(1)(E). I certify that this Response:

[x]   complies with the word limit of Fed. R. App. P. 27(d)(2)(a) and Cir. R. 27-1.

[ ]   is a cross-appeal brief and complies with the word limit of Cir. R. 28.1-1.

[ ]   is an amicus brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ]   is for a death penalty case and complies with the word limit of Cir. R. 32-4.

[ ]   complies with the longer length limit permitted by Cir. R. 32-2(b) because

    [ ]   it is a joint brief submitted by separately represented parties;

    [ ]   a party or parties are filing a single brief in response to multiple briefs; or

    [ ]   a party or parties are filing a single brief in response to a longer joint brief.

[ ]   complies with the length limit designated by court order dated _____.

[ ]   is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

Respectfully submitted,

THE BURGESS LAW GROUP

By:   /s/*Emily Craiger*
      Emily Craiger
      3131 East Camelback Road, Suite 224
      Phoenix, Arizona 85016
      Telephone: (602) 806-2100
      emily@theburgesslawgroup.com
June 17, 2024

20

## Certificate of Service

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[x]    I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ]    I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants (list each name and mailing/email address):

Respectfully submitted,

THE BURGESS LAW GROUP

By:    /s/ *Emily Craiger*

Emily Craiger
3131 East Camelback Road, Suite 224
Phoenix, Arizona  85016
Telephone: (602) 806-2100
emily@theburgesslawgroup.com

June 17, 2024.